IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LIVAN ALFONSO,

    Plaintiff,

vs.

BRYAN DAVID BOOTH and D&D
SERVICES, LLC

    Defendants.
_____/

## DEFENDANTS' NOTICE OF REMOVAL AND SUPPORTING MEMORANDUM OF LAW

Defendants, BRYAN DAVID BOOTH and D&D SERVICES, LLC, hereby files their Notice of Removing this case to the United States Southern District of Florida from the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, and states:

1. This action was commenced on April 1, 2022, in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Case No.: CACE-22-004856.

2. This is a civil action in which Plaintiff LIVAN ALFONSO claims bodily injuries arising out of a car accident involving a vehicle driven by Defendant Bryan David Booth and owned by D&D Services, LLC.

3. The removal of this case is authorized by the provisions of 28 U.S.C. §1441, *et seq.*

4. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because this case involves a controversy between a plaintiff who is a citizen of the State of Florida and defendants that are citizens of Missouri (Bryan David Booth) and Kentucky (D&D Services,

LLC), and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest, costs, and attorney's fees.

**Diversity of citizenship**

5.     Plaintiff LIVAN ALFONSO is and has been at all times material a citizen of the State of Florida.

6.     Defendant D&D Services, LLC is a citizen of the state of Kentucky, because its two owners, Melaynie Summers and David Summers, are citizens of Kentucky.[1] See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership.").

7.     Defendant BRYAN DAVID BOOTH is a citizen of the State of Missouri.

**Amount in controversy**

8.     The complaint, ¶1, alleges only that this is an action for damages in excess of $30,000, which is the State court jurisdictional threshold. (See Exh.A). However, Plaintiff responded to a request for admissions, in which he equivocated about whether the amount in controversy is $75,000. (See Exh.B; Exh.C). Defendants submit that this equivocation is sufficient to establish the amount in controversy. *See Wilson v. Target Corp.*, 2010 WL 3632794 (S.D. Fla. Sept. 14, 2010).

**Timeliness**

9.     The last Defendant was served on May 9, 2022; however, the basis for this removal is not premised on Plaintiff's Complaint but is instead based on Plaintiff's responses to

---

[1] The wrong D&D Services was served here in Florida.

Defendants' Request for Admissions, in which Plaintiff equivocated about the amount in controversy. See 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .").

10. This Notice of Removal is being timely filed within 30 days after September 22, 2022, the date the responses to the requests for admission were received.

**Procedural matters**

11. A copy of all process, pleadings, and orders served upon the Defendant is attached hereto as Composite Exhibit D.

12. Defendants will give written notice of the filing of this notice as required by U.S.C. §1446(d).

13. A copy of this notice will be filed with the Clerk of the Circuit Court, in and for Broward County, Florida, as required by 28 U.S.C. §1446(d).

WHEREFORE, Defendants, BRYAN DAVID BOOTH, and D&D SERVICES, LLC, respectfully request this action be removed to this Court.

*[INTENTIONALLY LEFT BLANK]*

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY the undersigned electronically filed on this 4th day of October 2022 the foregoing with the Clerk of Court by using CM/ECF system, which will send a notice of electronic filing to the following: Stephen J. Stefanik, Esquire, Wolfson Law Firm, LLP, 339 Southwest 3rd Avenue, Miami, FL 33145, sstefanik@wolfsonlawfirm.com; eservice4@wolfsonlawfirm.com.

                COONEY TRYBUS KWAVNICK PEETS
                Attorneys for Defendants
                1600 West Commercial Boulevard, Suite 200
                Fort Lauderdale, FL 33309
                Telephone: (954) 568-6669
                Fax: (954) 568-0085
                Primary E-Mail: reception@ctkplaw.com
                Secondary E-Mail: yhall@ctkplaw.com
                Secondary E-Mail: klenahan@ctkplaw.com

                */s/ Bruce Trybus*

By: _____
                BRUCE TRYBUS
                Florida Bar No. 972983