UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-CV-61850-DIMITROULEAS /AUGUSTIN-BIRCH

**LIVAN ALFONSO,**

 **Plaintiff,**

v.

**BRYAN DAVID BOOTH
and D&D SERVICES, LLC,**

 **Defendants.**
_____/

## REPORT AND RECOMMENDATION ON
## DEFENDANTS' MOTION FOR DISMISSAL

 This cause comes before the Court on Defendants Bryan David Booth and D&D Services, LLC's Motion for Dismissal, in which they move to dismiss this case with prejudice due to Plaintiff Livan Alfonso's purported failures to participate in discovery, comply with court order, and actively pursue the case. DE 21. The Honorable William P. Dimitrouleas, United States District Judge, construed the Motion as a Motion for Sanctions and referred it to the undersigned Magistrate Judge for appropriate disposition or a Report and Recommendation. DE 22. When Plaintiff did not timely respond to the Motion, the Court issued an Order to Show Cause requiring him to respond by no later than August 1, 2023. DE 27. The Order to Show Cause notified Plaintiff that failure to comply could result in a recommendation that this case be dismissed. *Id.* Plaintiff did not comply with the Order to Show Cause by responding to the Motion by August 1 and has not responded to date.

 Plaintiff has failed to timely respond to the Motion. Failure to timely respond to a motion "may be deemed sufficient cause for granting the motion by default." Southern District of Florida

Local Rule 7.1(c)(1).  Plaintiff also has failed to comply with the Order to Show Cause requiring him to respond to the Motion.  A court has the authority to dismiss a case for failure to comply with a court order.  *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  Further, Plaintiff has failed to prosecute this case by opposing a grant of the Motion and a dismissal of this case.  A court has the authority to dismiss a case for lack of prosecution.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).  The Court recommends that this case be dismissed as a sanction for Plaintiff's failures to respond, comply with court order, and prosecute.

A dismissal of a case with prejudice "is considered a sanction of last resort, applicable only in extreme circumstances."  *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quotation marks omitted).  "Dismissal with prejudice is not proper unless the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct."  *Id.* (quotation marks omitted).  The Court finds that there is a clear record of delay in this case and that a sanction less than dismissal with prejudice would be inadequate.  In addition to Plaintiff failing to timely respond to the Motion initially and then failing to respond following the Court's Order to Show Cause, he failed to participate in discovery by attending an independent medical examination, necessitating a limited extension of the discovery deadline.  *See* DE 23; DE 24.  Defendants' counsel has represented to the Court that Plaintiff has stated he does not intend to proceed with this case.  *See* DE 21 at 2; DE 23 at 2.  In fact, the docket reflects no action by Plaintiff in this case since his attorney withdrew.  *See* DE 18.  Although he is now proceeding *pro se*, Plaintiff is responsible for participating in his case and complying with court orders and is subject to sanctions for failing to do so.  *See Martins v. Royal Caribbean Cruises, Ltd.*, 429 F. Supp. 3d 1315, 1323 (S.D. Fla. 2019) ("A *pro se* plaintiff is responsible for following court orders

2

and is subject to the same sanctions as any other litigant." (footnote omitted)).  The Court recommends that the dismissal of this case be with prejudice.

For the foregoing reasons, the Court recommends that Defendants' Motion for Dismissal [DE 21] be **GRANTED** and that this case be dismissed with prejudice.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**The Clerk of Court is directed to mail a copy of this Report and Recommendation to Plaintiff Livan Alfonso at the address listed below and shall make a notation of such on the court docket.**

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 7th day of August, 2023.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

Livan Alfonso
11015 Southwest 7th Street
Miami, FL 33174